**Terry L. TODD, Plaintiff–Appellant,**

v.

**State of OREGON; et al., Defendants–Appellees.**

No. 04–35327.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.*

Decided April 4, 2005.

Terry L. Todd, Woodburn, OR, pro se.

Bethany Cunningham, Esq., AGOR–Office of the Oregon Attorney General, Salem, OR, for Defendants–Appellees.

Before: B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM **

Terry L. Todd appeals pro se the district court's dismissal without prejudice of his action, against the State of Oregon and Oregon courts and officials, seeking to overturn a state judgment of security forfeiture entered against him. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

determination that it lacked subject matter jurisdiction. *See Botsford v. Blue Cross & Blue Shield of Montana, Inc.,* 314 F.3d 390, 392 (9th Cir.2002). We may affirm on any grounds supported by the record. *See Cigna Property & Cas. Ins. Co. v. Polaris Pictures Corp.,* 159 F.3d 412, 418 (9th Cir. 1998).

The district court correctly held that it lacked jurisdiction to review Todd's challenge to two prior state court rulings against him. *See Bianchi v. Rylaarsdam,* 334 F.3d 895 (9th Cir.2003) (establishing that federal district courts are not authorized to review state court judgments). Because Todd's constitutional claims presented in federal court are "inextricably intertwined" with the substance of the state court decision, independent review of such claims is also barred under *Rooker–Feldman* doctrine. *See id.* at 900 (9th Cir. 2003) (noting that because relief cannot be granted without "undoing" the state court decision, it is immaterial that the state courts did not specify the grounds on which they denied appellant's claim and further noting that it is irrelevant whether or not the state courts had actually decided appellant's constitutional claims).

AFFIRMED.